## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
January 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LLOYD ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0205**  (BOR Appeal No. 2048704)
(Claim No. 930055768)

**SWVA, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Lloyd Adkins, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2014, in which the Board affirmed an August 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 5, 2012, decision denying authorization for a replacement binaural hearing aid system. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins filed an application for workers' compensation benefits after experiencing mild to moderate occupationally-induced hearing loss and the claim was held compensable for noise-induced hearing loss on July 1, 1993. On September 5, 2012, the claims administrator denied authorization for a replacement binaural hearing aid system requested by Linda Blankenship of LSG Hearing Aid Centers based upon the finding that because Mr. Adkins was last employed with SWVA, Inc., on March 30, 1997, any additional hearing loss does not arise from occupational exposure. In its Order affirming the September 5, 2012, claims administrator's

1

decision, the Office of Judges held that Mr. Adkins's request for replacement hearing aids fails to satisfy the provisions of West Virginia Code § 23-4-3(d) (2005) and West Virginia Code of State Rules § 85-20-47.11 (2006).

It is noted that the Office of Judges procedurally rejected Mr. Adkins's filing of Ms. Blankenship's report. The Office of Judges received Ms. Blankenship's report more than twenty-four days after the expiration of the parties' evidentiary time frames. Further, the Office of Judges noted that neither Mr. Adkins's employer nor his employer's attorney received a copy of Ms. Blankenship's report. It is further noted that the Office of Judges issued a notice of rejection of Ms. Blankenship's report on May 8, 2013, to which Mr. Adkins failed to respond.

Although the Office of Judges procedurally rejected Ms. Blankenship's report, it found that because she does not appear to be either an otologist or otolaryngologist her report also fails to conform to the standards contained in West Virginia Code of State Rules § 85-20-47.11, which requires that a recommendation for hearing aids be based upon an evaluation performed by an otologist or otolaryngologist. Further, the Office of Judges found that Mr. Adkins's request for replacement hearing aids fails to satisfy the requirements of West Virginia Code § 23-4-3(d), which states that payment will be made for replacement hearing aids "which later wear out, or which later need to be refitted because of the progression of the injury which caused the devices to be originally furnished, or which are broken in the course of and as a result of the employee's employment." Specifically, the Office of Judges concluded that Mr. Adkins has failed to show that the request for replacement hearing aids arises from a "progression of the injury". Additionally, Mr. Adkins has not alleged that his current hearing aids have worn out and, as noted above, because Mr. Adkins apparently retired in 1997, his current hearing aids could not have broken in the course of his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of January 29, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II